UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR COMPUTER FRAUD INVESTIGATION | ) ) ) ) ) ) ) ) | ML No: 22-1036 |

*Reference:*   DOJ Ref. # CRM-182-82661

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Cyprus.  In support of this application, the United States asserts:

RELEVANT FACTS

1.     The Central Authority of Cyprus, the Ministry of Justice and Public Order, submitted a request for assistance (Request) to the United States, pursuant to the Treaty Between the Government of the United States of America and the Government of the Republic of Cyprus on Mutual Legal Assistance in Criminal Matters, U.S.-Cyprus, Dec. 20, 1999, S. TREATY DOC. NO. 106-35 (2000) (Treaty).

2.      As stated in the Request, the Cyprus Police, Criminal Investigation Unit of Paphos, in Cyprus, are investigating unknown subject(s) for computer fraud, obtaining goods by false pretenses, and money laundering, which occurred from June 2021 through July 2021, in violation of the criminal law of Cyprus, specifically, Article 10(a) of Cypriot Law 22(III) of 2004; Chapter 154, Articles 297 and 298(1), of the Cypriot Criminal Code; and Articles 3, 4, and 5 of Cypriot Law 188(1)/2007.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Cypriot authorities, on June 11, 2021, the seventy-nine-year-old victim chatted online via the Facebook Messenger application with an individual purporting to be her friend N.R. who lives in England.  N.R. told the victim that she had secured a sponsorship of GBP 250,000 (approximately USD 352,821) and connected the victim with an individual using the name Casey Haines (Haines) who would arrange a sponsorship for the victim.  Thereafter, the victim received instructions from N.R. and Haines via Facebook Messenger to secure the sponsorship.  At first, the victim paid EUR 1,500 (approximately USD 1,816) for the preparation of relevant documents for the sponsorship.  Then, between June 14, 2021 and July 8, 2021, the victim sent fifteen payments via Western Union and MoneyGram, money transfer companies located in the United States, purportedly to pay for various taxes and fees to receive the sponsorship.  On June 14, 2021, the victim sent EUR 900 (approximately USD 1,091) to a man in England via Western Union with the transaction control number MTCN 629-694-3458.  Between June 15, 2021 and July 8, 2021, the victim made the following Western Union and Money Gram transfers, as instructed, to an individual located in California, who is unknown to the victim:

      a.   EUR 600 (approximately USD 727) on June 15, 2021, with the Western Union transaction control number MTCN 123-056-4439;

  b. EUR 200 (approximately USD 242) on June 16, 2021, with the Western Union transaction control number MTCN 113-953-8210;

  c. EUR 1,000 (approximately USD 1,191) on June 17, 2021, with the Western Union transaction control number MTCN 849-181-3420;

  d. EUR 400 (approximately USD 475) on June 18, 2021, with the Western Union transaction control number MTCN 513-521-9996;

  e. EUR 600 (approximately USD 712) on June 19, 2021, with the Western Union transaction control number MTCN 694-450-2778;

  f. EUR 1,000 (approximately USD 1,195) on June 23, 2021, with the Western Union transaction control number MTCN 395-614-2180;

  g. EUR 1,000 (approximately USD 1,194) on June 25, 2021, with the Western Union transaction control number MTCN 306-215-5230;

  h. EUR 400 (approximately USD 476) on June 29, 2021, with the Western Union transaction control number MTCN 988-676-1197;

  i. EUR 2,000 (approximately USD 2,371) on July 1, 2021, with the Western Union transaction control number MTCN 923-286-3603;

  j. EUR 600 (approximately USD 711) on July 1, 2021, with the Western Union transaction control number MTCN 160-414-6387;

  k. EUR 1,000 (approximately USD 1,186) on July 3, 2021, with the Western Union transaction control number MTCN 550-458-8183;

  l. EUR 1,000 (approximately USD 1,184) on July 8, 2021, with the Western Union transaction control number MTCN 043-528-0734;

  m. EUR 1,400 (approximately USD 1,658) on July 8, 2021, with the Western Union transaction control number MTCN 403-331-5290; and

  n. EUR 2,600 (approximately USD 3,079) on July 8, 2021, with the MoneyGram control number 16391525.

  4. In total, the victim paid EUR 15,300 (approximately USD 19,300). When the victim did not receive the sponsorship but was still asked for money, she suspected that she had been deceived. She called her friend N.R. in England, who told the victim that she did not know anything about the sponsorship and that her Facebook profile had been hacked. The victim reported the fraud to the Cyprus Police on August 6, 2021.

5.     To further the investigation, Cypriot authorities have asked U.S. authorities to provide business records pertaining to the Western Union and MoneyGram transfers listed above in paragraph 3 and to interview the recipient of the transfers in the United States.

## LEGAL BACKGROUND

6.     A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7.     The United States and Cyprus entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  Treaty, art. 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Treaty, art. 5 ("The competent judicial or other authorities of the Requested State shall have power to issue subpoenas, search warrants, or other orders necessary to execute the request.").

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

8. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*            \*            \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*            \*            \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241,

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

11. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority

---

247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

to: (1) issue an order requiring a person to appear and/or to produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

12. The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice and Public Order, the designated Central Authority in Cyprus, and seeks assistance in the investigation of computer fraud, obtaining goods by false pretenses, and money laundering – criminal offenses in Cyprus. The requested Order is necessary to execute the Request, and the assistance requested, *i.e.*, the production of business records and witness interview(s), falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in the District of Columbia.

13. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters. The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of a request. Specifically, Article 5, paragraph 5, provides: "The Requested State shall use its best efforts to keep confidential a request and its contents if such confidentiality is requested by the Central Authority of the Requesting State."

14. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

15. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                                    Respectfully submitted,

                                    VAUGHN A. ARY
                                    DIRECTOR
                                    OFFICE OF INTERNATIONAL AFFAIRS
                                    OK Bar Number 12199

By:                              _____
                                    Susan P. Hunter
                                    Trial Attorney
                                    D.C. Bar Number 501430
                                    Office of International Affairs
                                    Criminal Division, Department of Justice
                                    1301 New York Avenue, N.W.
                                    Washington, D.C. 20530
                                    (202) 305-7822
                                    Susan.Hunter@usdoj.gov